# Wm. Provost, Jr., Appellant, v. New Chester Water Co.

| 162 | 275 |
|-----|-----|
| 167 | 70 |
| 162 | 275 |
| 31 SC | 228 |
| 31 SC | 231 |
| 162 | 275 |
| 216 | 568 |
| 162 | 275 |
| 220 | 616 |

*Municipalities — Streets — Sidewalks — Abutting owner — Water companies.*

The sidewalk of the street is as much a part of the highway as the cartway; and a water company, with the consent of the city, has a right to lay water pipes under the sidewalk without subjecting itself to any other liability to the abutting owner than for such damages as may be done in the laying of the pipe, interruption of access, etc. This does not include consequential injury due to the proximity of the pipes.

Although the city ordinances give the abutting owner, subject to the grant of a permit by the city, the right to build steps, cellar doors, etc., on the sidewalk, the fact that he was prevented from so doing by a water company having, with the consent of the city, laid its pipes under the sidewalk, will not give him any cause of action against the water company, as his right under the ordinances can then only be exercised subject to the prior right of the water company.

In such a case, it is a matter of no concern to plaintiff whether or not the water company has complied with the direction of a city ordinance to apply to the city surveyor for the proper lines for the laying of its pipes.

McDevitt v. Gas Co., 160 Pa. 367, followed and explained.

Argued Feb. 15, 1894. . Appeal, No. 292, Jan. T., 1894, by plaintiff, from judgment of C. P. Delaware Co., Dec. T., 1892, No. 9, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Affirmed. .

Trespass for maintaining water pipe under sidewalk.

Plaintiff's statement, after reciting title, etc., averred : " That said defendant has laid or caused to be laid a water main or pipe under, over and upon the sidewalk which is a part of the said plaintiff's said premises, close to the building line, and has thereby interfered with and prevented the said plaintiff from using the said premises in the erection of buildings and otherwise, and from the first day of July, A. D. 1892, has maintained and still maintains the same to the injury and damage of the said plaintiff in the sum of ten thousand dollars."

On the trial before CLAYTON, P. J., plaintiff's evidence tended to establish the following contention : In January, 1892, plaintiff purchased a lot of land with the old stores erected thereon

fronting on Third street, in the city of Chester. The property is bounded on the front by Third street, on one side by Chester creek and on the other side by contiguous buildings. Plaintiff, immediately after his purchase, tore down the old buildings and proceeded to erect new structures, including a basement barber shop. In digging his foundation he discovered a twelve-inch iron water main in active use under the sidewalk, within nine inches of his building, so close as to prevent him from building such basement windows, cellarways and doorsteps as he claimed the ordinances of the city permitted him to do. The water main, instead of having been carried directly over the bridge where Third street crosses Chester creek, had been carried under this sidewalk for some distance in front of plaintiff's property, and then had gone out into the middle of the street. This water main had been laid about five years previously, at a time when the premises were owned by plaintiff's predecessors in title.

Third street upon which these buildings front is a public street of the city, duly ordained, forty feet wide. The ordinances of the city provide that one fifth of the street shall be appropriated as sidewalk.

The ordinance of March 13, 1866, was as follows:

"That hereafter it shall not be lawful for any person or persons to excavate under any sidewalk or roadway, for cellars or vaults, in the said city, without a permit first obtained from the council of said city, under a penalty of five hundred dollars ($500) to be sued for and recovered as other penalties due the city are now recovered by law; and it shall not be lawful for the said council to grant such permits until security, to be approved by the mayor of said city, to indemnify the said city and the inhabitants thereof from damage or inconvenience, by reason of said excavation, be first given, and filed with the clerk of council by the owners of the property, for the use of which such privilege is asked."

The ordinance of May 10, 1866, was as follows:

"The following are hereby declared to be nuisances: To place or maintain any cellar door or steps, which shall extend over any footway more than one third of the width of said footway of any street of the city."

The court overruled plaintiff's offer to prove by the city en-

gineer that no lines had been given by the city to defendant to lay its water pipe in the position complained of, and that no application had been made to him or to the city, for such lines. [1]

A general ordinance authorized the laying of a main in any of the streets of the city.

Plaintiff asked his witness: " Q. Is there any leakage from these pipes?" Objected to.   Mr. Lindsay: I want to say there is a leakage in these foundation walls.   The Court: Is the declaration for allowing the pipe to leak?   Mr. Ward; No, sir.   Objection sustained. [2]

The court overruled plaintiff's offer to prove as an element of damage the difference between the cost of inserting his windows and cellar doors after the main was removed, and the cost of doing the same while the store building was in process of erection, he being prevented from doing so then by this main. [3]

The court overruled plaintiff's offer to prove that the main could have been carried over the creek without unreasonable cost or inconvenience, without interfering with plaintiff's property. [4]

The court overruled plaintiff's offer to prove that defendant had notice that by putting down the pipe in the manner complained of he would be trespassing upon private rights. [5]

The court gave binding instructions for defendant on the ground that the action was personal to the owner of the land at the time of the laying of the pipe. [6–9]

*Errors assigned*, were (1–5) rulings; (6–9) instructions; quoting them.

*George B. Lindsay*, for appellant.—All the owners have a peculiar interest in the adjacent street, namely, easement of access, light and air, which are property rights: 2 Dil. Mun. Corp., 4th ed., § 712.

Defendant was a trespasser: Dimmick v. Broadhead, 75 Pa. 464; Brown v. Powell, 25 Pa. 229; R. R. v. Cooper, 105 Pa. 239; Gas and Water Co. v. Yoder, 112 Pa. 136.

The injury complained of is a continuous trespass running with the land: Dill v. McCloskey, 9 Phila. 76; 2 Addison on Torts, Wood's ed. § 385; Oliver v. R. R., 131 Pa. 408.

The Procedure Act of 1887 abolishes the distinctions be-

tween trespass and case: Duffield v. Rosenzweig, 144 Pa. 520. Trespass will lie for the disturbance of an easement: Trauger v. Sassaman, 14 Pa. 518.

Consequential damages may be recovered: Northern Cent. Ry. v. Holland, 117 Pa. 613; R. R. v. Patent, 17 W. N. 198; Levering v. R. R., 18 W. N. 50; R. R. v. McCutcheon, 18 W. N. 527.

The city authorities may determine the extent to which the sidewalk may be obstructed by cellarways, etc.: Livingston v. Wolf, 136 Pa. 519.

*David F. Rose* and *W. Ward*, for appellee.—Plaintiff's action, in effect, is one of trespass on the case: Duncan v. R. R., 111 Pa. 352.

Defendant was not a trespasser: Act of April 29, 1874, § 34, P. L. 93.

The laying of gas and water pipes is included in the ordinary uses to which streets may be put, and for which the adjoining freeholder is not entitled to compensation as for a new servitude: 2 Dil. Mun. Corp., ed. of 1873, p. 664.

Plaintiff has no right to encroach upon the sidewalk except by authority of the city: Livingston v. Wolf, 136 Pa. 519. Plaintiff never obtained any permit from councils to make the excavation under the sidewalk.

If the recovery can be had by any one, the owner at the time the pipes were laid is the person: McFadden v. Johnson, 72 Pa. 335; Warrell v. Railroad, 130 Pa. 609.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1894:

This case is ruled by McDevitt v. People's Nat. Gas Co., 160 Pa. 367, decided since this was argued. In that case the gas company had laid a pipe under the sidewalk in front of the plaintiff's land and he had filed a bill to enjoin, and also a petition for viewers to assess damages. It was held that there was no taking of any of plaintiff's property and therefore no case for the appointment of viewers; that the remedy of the owner for special damages was by an action of trespass, though a court of equity might properly compel the gas company to file a bond to secure damages, before dissolving a preliminary injunction; that the right of the city to the use of the street

for the purpose of urban servitudes, such as gas and water pipes, embraced the entire street, under the sidewalks as well as under the cartway; and that the right of action of the abutting owner extended only to such damages as might be done in the laying of the pipe, interruption of access, etc.*

Under the permission of the city, our brother WILLIAMS says, the company " might lawfully enter upon the streets to lay its pipes without liability to lot owners therefor. But it is contended that the sidewalks are not a part of the street, and that in laying its pipes under the sidewalk the gas company has entered private property. . . . This contention cannot be sustained. The street includes the whole of the land laid out for public use as a highway. The city determines how much of it shall be devoted to a cartway, and how much to a footway. The separation of one from the other by a line of curbing is for the security of that part of the public that passes along the streets on foot, and for no other purpose. The learned judge of the court below took the same view of this question, and affirmed the point that ' the defendants have the same right in the sidewalks as they would have in that portion of the street lying between the curbstones.' The situation of the defendants under this ruling was precisely the same as it would have been had the gas main been laid under the cartway."

The facts of that case are not distinguishable from those of the present. The water company laid its pipes with the consent of the city. Whether it had complied with the direction to apply to the city surveyor for the proper lines was not a matter with which the plaintiff had any concern. It is true the plaintiff had a qualified or permissive interest, by virtue of the ordinances, in the soil under the footwalk, and had he previously exercised his right by building steps, cellar doors, etc., which the pipe interfered with, he would have had a cause of action for that special injury, under McDevitt v. Gas Co. His right however was not absolute, but subject to the grant of a permit by the city, and such permit might be refused either

---

* The fourth paragraph of the syllabus is too broad in including " consequential injury to their property due to the proximity of the pipe line " in the elements of damage recoverable in trespass.

directly or consequentially by the prior grant of an interfering right to the water company. As the pipe was laid before the plaintiff sought to avail himself of the right under the ordinances, he could only exercise the latter subject to the prior right of the water company, and there were no special damages to be recovered.

The plaintiff therefore had no cause of action, and for this reason the verdict was rightly directed for the defendants. The other questions argued are not really raised by the case.

Judgment affirmed.